DODSON–HILLS MANUFACTURING COMPANY, Appellant, v. R. B. PAYTON *et al.*, Respondents.

St. Louis Court of Appeals, February 25, 1896.

Attachment: FRAUDULENT CONCEALMENT OF ASSETS: INTENDED PREFERENCE. A debtor has no right to conceal any of his effects from his creditors, though he does so for the purpose of subsequently using them toward the discharge of valid claims against himself. A concealment of assets for that purpose is, accordingly, ground for attachment.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*Scott W. Massey* and *E. A. Barbour* for appellant.

*C. W. Hamlin* and *E. P. Miller* for respondent.

ROMBAUER, P. J.—The plaintiff appeals in an attachment suit, after judgment on the merits, from a judgment against it on the plea in abatement. It complains that the verdict is against the evidence, and that the court misdirected the jury.

The defendants were grocers in the city of Springfield. On the twenty-fourth day of January, 1893, a number of attachments were levied on their store goods, one of which was the attachment in favor of Scudder *et al.*, which we considered at the present term. When these attachments were levied, the defendants' books of account were in the store. The afternoon of the same day one of the defendants removed these books from the store, or caused them to be removed to his own house, and a few days thereafter assigned all the accounts therein by assignment absolute upon its face to R. Jenkins, who was a creditor of the defendants to the amount of $36. The accounts thus assigned were of a face value of about $800, although their real value was probably not exceeding one half of that amount. The evidence touching the disposition, which was to be made of these accounts after Jenkins had paid himself out of their proceeds, is much the same as was given in the *Scudder* case, and, as we have set out the evidence fully there, it is not necessary to reiterate it. All the evidence concedes

that the assignment to Jenkins was a disposition of these accounts, at least partly for the defendants' own use. The main difference between this case and the *Scudder* case lies in the fact that the attachment in this case was sued out the twenty-fifth of January, that is, the day following the day when the defendants had removed the books from their store. The constable who was charged with executing the writ was specially directed to levy it upon the defendants' books of account. He made search for these books, and could not find them. That the books were removed the previous day from the store by defendants' connivance for the very purpose of preventing the seizure of them upon writs of attachment is an unavoidable inference from all the testimony, and it admits of no doubt that this is a fraudulent concealment within the purview of the attachment law. The debtor has the unquestioned right to withdraw any part of his effects for the immediate payment of *bona fide* obligations, but he has no right to conceal any of his effects from his creditors, even though the concealment be for the purpose of subsequently using them toward the discharge of valid claims against him. In *Mathews v. Loth*, 45 Mo. App. 455, we held, in effect, that upon substantially the same facts the court would be authorized to direct a verdict for the plaintiff.

The grounds, among others, alleged in plaintiff's affidavit for attachment were that defendants had fraudulently concealed, removed or disposed of, their property or effects so as to hinder or delay their creditors. All the testimony in the case concurred in showing that they had done so. The court, at the request of plaintiff, instructed the jury that if, prior to the institution of this suit, defendants withdrew, or had withdrawn by their connivance or suggestion, from the place where they were usually kept, their books or

book accounts, and concealed the same so as to hinder or delay their creditors, then the verdict should be for plaintiff. The finding of the jury is directly opposed to this instruction, and the court should have sustained the plaintiff's motion for new trial, on the ground that the verdict was against the law and the evidence.

The court also erred in giving instruction number 2 for the defendants. The first part of that instruction, considering the evidence in the case, is particularly misleading. It reads as follows: "It was not the duty of the defendants to point out their property upon which plaintiff was to levy, and, while they would have no right to fraudulently conceal the same, still they had a right *to preserve their property and use the same in payment of their bona fide debts*." (The italics are ours.) The law does not tolerate the preservation of property for the benefit of one creditor by concealing it from another. Such a preservation is a fraudulent concealment. The law will uphold an executed preference, but not an executory preference with an intermediate concealment.

All the judges concurring, the judgment is reversed and the cause remanded.